**STATE BOX COMPANY, a California Corporation, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 18263.

United States Court of Appeals
Ninth Circuit.

July 22, 1963.

Harold T. King, Sacramento, Cal., for appellant.

Ramsey Clark, Asst. Atty. Gen., Washington, D. C., Cecil F. Poole, U. S. Atty., San Francisco, Cal., Roger P. Marquis, Thomas L. McKevitt, Raymond N. Zagone, Attys., Dept. of Justice, Washington, D. C., for appellee.

Before BARNES and MERRILL, Circuit Judges, and TAVARES, District Judge.

MERRILL, Circuit Judge.

The United States has brought this suit to quiet title to standing timber and to enjoin appellant from making any claim to the proceeds of sales of timber already made by the United States.

The district court has rendered judgment in favor of the United States. Its opinion is to be found at 219 F.Supp. 684.

Upon this appeal, appellant raises five issues of law with only two of which do we find it necessary to deal. Both issues were dealt with by the district court, and in both respects we find ourselves in complete agreement with that court's opinion.

Appellant's claim to the timber is derived through the Central Pacific Railroad Company, which received a grant from the United States pursuant to § 3 of the Act of Congress of July 1, 1862, 12 Stat. 489, as amended by the Act of July 2, 1864, 13 Stat. 356.

1. Appellant contends that California rather than Federal law should

apply in determining whether or not its estate in the timber in question was perpetual, or was subject to the requirement that it be removed within a reasonable period of time.

For the reasons set forth by the district court, we agree that Federal law must apply. Federal law governs both the question of the existence of a grant and the issue of the quantum of that grant. Both questions ultimately involve interpretation of the intent of the United States as the grantor. State law could, of course, be absorbed as the Federal rule, so long as recognition of state interests is not inconsistent with Federal policy. Board of County Commissioners v. United States (1939) 308 U.S. 343, 352–353, 60 S.Ct. 285, 84 L.Ed. 313. Here such inconsistency exists. The Federal interest in having the construction of identical transactions uniform would be defeated by varied application of the different real property laws of the five states in which the Central Pacific Railroad was constructed. Clearfield Trust Company v. United States (1943) 318 U.S. 363, 63 S.Ct. 573, 87 L.Ed. 838.

2. Appellant contends that even under Federal law it should prevail; that history demonstrates a legislative intent to grant a perpetual estate in the timber.

■ The opinion of the district court deals with the legislative history and legislative intent. For the reasons there stated we agree that appellant's right to the timber was subject to its removal within a reasonable period of time.

The purpose of the 1862 Act was to aid in the construction of railroads by giving the builders sources of income and credit. See Great Northern Railway Company v. United States (1942) 315 U.S. 262, 62 S.Ct. 529, 86 L.Ed. 836. However, the achievement of this purpose does not require that the grant of timber on mineral lands be construed as perpetual. The railroads clearly needed timber for construction. This purpose would be fully satisfied by construing § 3 to require them to remove the timber on mineral lands within a reasonable time, thereby harmonizing § 3 with § 2. Appellant contends that § 3 would be superfluous if it was to grant only the right to take such timber as would be required for building the road, since § 2 already gave the railroad this privilege. However, § 2 applies only to adjacent lands along the right-of-way, not to a penetration of up to ten miles on either side of the road.

■ The district court determined that a reasonable time for removal of the timber had elapsed. The various factors relevant to this determination are set forth in the court's opinion. For the reasons there stated, we agree with the district court upon this issue. Accordingly, the rights of appellant to the timber in question have been forfeited, and the United States was entitled to its decree quieting title to the timber in question.

Affirmed.